UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JAMES FORTUNE,<br><br>      Plaintiff,<br><br> - against -<br><br>ATHLON SPORTS COMMUNICATIONS, INC.,<br><br>      Defendant. | Docket No. 17-cv-03265<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff James Fortune ("Fortune" or "Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Defendant Athlon Sports Communications, Inc. ("AMG" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of AMG's unauthorized reproduction and public display of two (2) copyrighted photographs—one, of legendary American musician Jim Morrison and producer Paul Rothchild, and the other, of Morrison's band The Doors during a studio session—owned and registered by Fortune, a Virginia-based photographer. Accordingly, Fortune seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.	This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4.	Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.	Fortune is a professional photographer in the business of licensing his photographs to online, print, and television media outlets for a fee, having a usual place of business at 12420 N. Oaks Drive, Ashland, Virginia 23005. Fortune's photographs have appeared in many publications around the United States.

6.	Upon information and belief, AMG is a corporation duly organized and existing under the laws of the State of Tennessee, with a place of business at 60 East 42nd Street, Suite 820, New York, NY 10165.

## STATEMENT OF FACTS

### A.	Background and Plaintiff's Ownership of the Photograph

7.	In the summer of 1967, Fortune photographed legendary American music band "The Doors" while the band recorded their album *Strange Days* at Sunset Sound recording studio in Hollywood, California (the "Photographs"). True and correct copies of the Photographs are attached hereto as Exhibit A.

8.	Fortune is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

9.	The Photograph were registered with the U.S. Copyright Office and were given Copyright Registration Number VAu000550325.

B.  **Defendant's Infringing Activities**

10. On or about February 16, 2016, Jimmy Hubbard, an agent of New York-based magazine publisher Harris Publications ("Harris"), contacted Fortune seeking to license the Photographs for inclusion in a special edition of Music Icons® magazine featuring The Doors. According to Hubbard, Harris planned to publish $50,000 copies of the magazine in the United States.

11. Fortune agreed to license the Photographs and, after releasing the Photographs to Harris, emailed Harris on February 25, 2016 requesting payment in the amount of $600.00. Harris failed to pay the invoice, prompting Fortune to email Harris for payment again on April 27, 2016.

12. On or about March 2016, Harris published an article in Music Icons magazine entitled *Inside Sunset Sound*. The article prominently featured the Photographs. A true and correct copy of the article from the March 2016 magazine is attached hereto as Exhibit B. Harris filed for bankruptcy on April 29, 2016.

13. Upon information and belief, AMG acquired Harris Publications on July 1, 2016. In December 2016, AMG republished Harris' The Doors magazine special edition, replicating the article *Inside Sunset Sound*. A true and correct copy of the republished article from the December 2016 reissue is attached hereto as Exhibit C.

14. AMG did not license the Photographs from Plaintiff for its article, nor did AMG have Plaintiff's permission or consent to publish the Photograph in its magazine.

**CLAIM FOR RELIEF
(COPYRIGHT INFRINGEMENT AGAINST AMG)
(17 U.S.C. §§ 106, 501)**

15. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

16. AMG infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs in its Music Icons® magazine. AMG is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photographs.

17. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

18. Upon information and belief, the aforementioned acts of infringement by AMG have been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

19. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover his damages and Defendant's profits from the infringement pursuant to 17 U.S.C. § 504(b).

20. Alternatively, as a result of Defendant's willful infringement of the Photograph, Plaintiff is entitled to recover statutory damages of up to $150,000 per work infringed pursuant to 17 U.S.C. § 504(c).

21. Plaintiff further is entitled to recover his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

22. Defendant's conduct, described above, is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured in money damages. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Musinart be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: May 2, 2017
        Valley Stream, New York

        LIEBOWITZ LAW FIRM, PLLC

        By: /s/   Kamanta C. Kettle
             Kamanta C. Kettle

        Kamanta C. Kettle
        11 Sunrise Plaza, Suite 305
        Valley Stream, New York 11580
        Telephone:  (516) 233-1660
        KK@LiebowitzLawFirm.com

        *Attorneys for Plaintiff James Fortune*